IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| RAYMOND HABECK, | ) | C/A No.8:04-1844-CMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| JO ANNE B. BARNHART, | ) | **GRANTING MOTION TO** |
| Commissioner of Social Security Administration, | ) | **REMAND AND MOOTING** |
| | ) | **MOTION TO RECONSIDER** |
| Defendant. | ) | |
| | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security Administration (hereinafter "Commissioner"). The matter is before the court on Plaintiff's motions to remand to consider new evidence (Dkt No. 18) and to reconsider (Dkt No. 19). For the reasons set forth below, this court remands the matter for reconsideration by the Commissioner. The motion to reconsider is rendered moot by the remand.

**DISCUSSION**

Plaintiff seeks remand for the consideration of "new" evidence. This motion is made pursuant to Section 205(g) of the Social Security Act which allows remand "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Remand is justified under Section 205(g) if: (1) the evidence is relevant to the period at issue; (2) the evidence is material to the extent that the Commissioner's decision reasonably might have been different had the new evidence been before her; and (3) Plaintiff provides good cause for his failure to submit the evidence when the claim was before the Commissioner. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985).

The evidence at issue consists of a pharmacy record which Plaintiff maintains was submitted to the Administrative Law Judge (ALJ) whose decision became the decision of he Commissioner of Social Security. This portion of the pharmacy record was apparently not considered by the ALJ and is not included within the administrative record presented to this court. The court has no difficulty concluding that the first two criteria set forth in *Borders* are satisfied. This evidence is clearly relevant to the period at issue and is material as it establishes the medications which Plaintiff was taking during a critical time period. What medications Plaintiff was taking during this period was significant to the ALJ's decision and to this court's initial acceptance of that opinion.

The more difficult question is whether Plaintiff has unreasonably delayed in seeking remand for consideration of these records. Plaintiff did note the absence of the pharmacy records in his initial brief in this court (Dkt No. 8). He also sought remand as an alternative remedy, albeit not expressly based on the absence of the pharmacy records. Thus, while Plaintiff noted the absence of the records, he did not seek remand for consideration of these critical records until after this court upheld the Commissioner's decision.[1] On the other hand, it appears that Plaintiff either submitted or attempted to submit these records to the Appeals Council while the matter was still pending before the Commissioner.

---

[1] Plaintiff correctly notes that, in reaching its prior opinion and order (Dkt No. 16), this court did not consider Plaintiff's August 8, 2005 memorandum (Dkt No. 14) in opposition to the Commissioner's June 11, 2005 objection ( Dkt No. 13) to the Report and Recommendation (Dkt No. 12). This resulted from the opinion and order having been drafted prior to receipt of Plaintiff's response, which was received nearly a month after the objection. While the rules of this district do not set a specific time for filing responses to objections to reports and recommendations, it is the undersigned's general practice to wait the time normally allowed in civil cases for responses to motions (fifteen days from service) for receipt of a responsive memorandum.

While the matter is not free from doubt, the court concludes that the better course is to remand the matter to the Commissioner for reconsideration in light of the supplemental pharmacy records which Plaintiff appears to have attempted to provide to the Commissioner prior to the Commissioner's final decision. The other concerns Plaintiff has raised in his various memoranda filed in this court may be considered in connection with that remand. The court will not, however, otherwise rule on Plaintiff's remaining arguments.

For the reasons set forth above, this action is remanded to the Commissioner for reconsideration in light of the pharmacy records filed in this court.

IT IS SO ORDERED.

S/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
November 1, 2005